RECEIVED

1  John E. Lattin, IV, SBN 167876        06 FEB -1  PM 2:59
   E-mail: jlattin@laborlawyers.com
2  FISHER & PHILLIPS LLP                     RICHARD W. WIEKING
   18400 Von Karman Avenue, Suite 400 CLERK, U.S. DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA
3  Irvine, California 92612
   Phone:  (949) 851-2424                    E-Filing
4  Fax:  (949) 851-0152

5  Attorneys for Defendants
   COMCAST BUSINESS COMMUNICATIONS, INC., AT&T BROADBAND EXECUTIVE
6  CHANGE IN CONTROL SEVERANCE PLAN, and AT&T BROADBAND CHANGE IN
   CONTROL SEVERANCE PLAN
7
   Douglas G. Murken, SBN 87929
8  E-mail:  dmurken@smdjlaw.com
   Seifer, Murken, Despina & James ALC
9  2135 Lombard Street
   San Francisco, CA 94123
10 Phone:  (415) 749-5900
   Fax:    (415) 749-0344
11
   Attorneys for Plaintiff
12 MICHAEL J. BRINSKELE and
   MICHAEL J. FONTES
13

14                 UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16
   MICHAEL J. BRINSKELE,              Case No. C 05-01678 MMC
17
            Plaintiff,
18                                    STIPULATED PROTECTIVE ORDER
        v.
19
   COMCAST BUSINESS COMMUNICATIONS,
20 INC.; and AT&T BROADBAND EXECUTIVE
   CHANGE IN CONTROL SEVERANCE PLAN,
21
            Defendants.
22

23

24
        Plaintiff Michael J. Brinskele ("Brinskele") and plaintiff
25
   Michael J. Fontes ("Fontes") (collectively, Plaintiffs), and
26
   Defendants Comcast Business Communications, Inc. ("Comcast"),
27
   AT&T Broadband Executive Change In Control Severance Plan, and
28
                              1
                 STIPULATED PROTECTIVE ORDER
   Irvine 398933.1

BY FAX

1  AT&T Broadband Change In Control Severance Plan (collectively,
2  "Defendants") (Plaintiff and Defendants are collectively herein
3  are referred to as "the parties"), by and through their
4  respective counsel, hereby stipulate as follows:

5     WHEREAS, in connection with discovery in this case, the
6  parties have sought certain documents and/or information that
7  the other party contends is private, highly confidential,
8  and/or proprietary;

9     WHEREAS, the parties respectively contend that the
10 documents and/or information sought are relevant to the subject
11 matter of this litigation or reasonably calculated to lead to
12 the discovery of admissible evidence;

13    WHEREAS, the parties desire to protect the confidentiality
14 of such documents and information to ensure that they can
15 obtain and pursue discovery with the minimum of delay and
16 expense;

17    NOW, THEREFORE, it is hereby stipulated and agreed as
18 follows:

19    1.   Documents and information that are furnished to any
20 party by any other party and are marked "Confidential"
21 (including documents that are produced, deposition transcripts,
22 and discovery responses), and any summaries or descriptions of
23 such documents and information, (hereinafter collectively
24 referred to as "Confidential Documents") are confidential and
25 shall be used solely for the purposes of prosecuting or
26 defending this action.

27    Such Confidential Documents shall not be used for any
28 other business and/or other purpose except as set forth herein.

2

Irvine 398933.1

2. Documents and information that are furnished to any party by any other party and are marked **"Confidential - Attorneys' Eyes Only"** (including documents that are produced, deposition transcripts, and discovery responses) and any summaries or descriptions of such documents and information, (hereinafter collectively referred to as **"Confidential - Attorneys' Eyes Only Documents"**) are confidential and shall be used solely for the purposes of prosecuting or defending this action.

Such **Confidential - Attorneys' Eyes Only Documents** shall not be used for any other business and/or other purpose except as set forth herein.

3. Except as provided below, all such **Confidential Documents** shall be held in confidence in perpetuity and may be disclosed only to the following categories of persons:

(a) Parties, counsel of record for any party to this action, and the employees of such counsel;

(b) Experts and consultants (including independent experts and independent consultants and their employees and clerical assistants) who are employed, retained, or otherwise consulted by any counsel of record for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this litigation.

4. Except as provided below, all such **Confidential - Attorneys' Eyes Only Documents** shall be held in confidence in perpetuity and may be disclosed only to the following categories of persons:

Irvine 398933.1

1         (a)   Counsel of record for any party to this action and
2    the employees of such counsel;

3         (b)  Experts  and  consultants  (including  independent
4    experts and independent consultants and their employees and
5    clerical assistants) who are employed, retained, or otherwise
6    consulted by any counsel of record for the purpose of analyzing
7    data, conducting studies, or providing opinions to assist, in
8    any way, in this litigation.

9         5.   **Confidential Documents** and **Confidential – Attorneys'**
10   **Eyes Only Documents** produced during the course of this
11   litigation shall not be disclosed to any person under
12   paragraphs 3(b) and 4(b) unless and until such person has
13   acknowledged and agreed to be bound by the terms of this
14   Stipulated Confidentiality Agreement and Protective Order in
15   the form attached as **Exhibit "1"** to this stipulation and order.

16        6.   **Confidential Documents** and **Confidential – Attorneys'**
17   **Eyes Only Documents** provided pursuant to this Stipulation and
18   Protective Order shall not be filed with the Clerk of the Court
19   or included in whole or in part in pleadings, motions, or
20   briefs in connection with any pre-trial proceeding except under
21   seal, prominently designated as being subject to this
22   Stipulated Confidentiality Agreement and Protective Order and,
23   when so filed, shall be opened only by personnel authorized by
24   this Court or such other court in which they may be filed.

25        7.   **Confidential Documents** and **Confidential – Attorneys'**
26   **Eyes Only Documents** may be used and referred to during
27   testimony in this action and during hearings on motions,
28   petitions, and appeals in this action and during discovery, but

Irvine 398933.1

1   only in a manner that will protect the confidentiality of such
2   documents, testimony, or the information contained therein in
3   accordance with the terms of this Stipulated Confidentiality
4   Agreement and Protective Order.  Prior to any such proceeding,
5   the parties may submit proposed procedures, including any
6   related disputes, to the Court for its approval or
7   modification.

8       8.  Nothing in this Stipulated Confidentiality Agreement
9   and Protective Order shall prevent any party from seeking an
10  order of the Court determining that some or all of the
11  **Confidential Documents** and **Confidential - Attorneys' Eyes Only**
12  **Documents** produced are not and do not contain confidential or
13  private information, and therefore are not subject to the
14  provisions of this Stipulated Confidentiality Agreement and
15  Protective Order.  If any party contends that any document
16  marked as confidential or subject to this Protective Order is
17  not entitled to such protection, the document will nevertheless
18  be treated as confidential until that party either (a) obtains
19  written permission from the other party to do otherwise, or (b)
20  obtains an order of this Court finding that the document is not
21  a protected document.  In addition, this Stipulated
22  Confidentiality Agreement and Protective Order shall not be
23  deemed a waiver of:

24      (a)  Any party's right to object to any discovery requests
25  on any grounds;

26      (b)  Any party's right to seek an order compelling
27  discovery with respect to any discovery request;

28

5
STIPULATED PROTECTIVE ORDER

Irvine 398933.1

1    (c)  Any party's right to object to the admission of any
2 evidence on any grounds in any proceeding herein; or

3    (d)  Any party's right to use her/his/its own documents
4 with complete discretion.

5    9.   All documents supplied by the parties under a claim
6 of confidentiality and any copies made therefrom shall remain
7 the property of the party disclosing the documents and shall be
8 returned to the disclosing party within ninety (90) days after
9 the conclusion of this action, unless otherwise agreed upon in
10 writing by the parties.

11    10.  This   Stipulated   Confidentiality   Agreement   and
12 Protective Order may be modified or amended by further order of
13 the Court for good cause shown.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1      11.  The  Court  may  enter  the  attached  Protective  Order

2   requiring  compliance  with  this  Stipulated  Confidentiality

3   Agreement.

4        IT IS SO STIPULATED.

5        February
6   Dated: ~~January~~  1, 2006        SEIFER, MURKEN, DESPINA & JAMES

7

8                                      _____
                                       DOUGLAS G. MURKEN
9                                      Attorneys for Plaintiff
                                       MICHAEL J. BRINSKELE
10

11  Dated: ~~January~~ Feb. 1 ___, 2006   FISHER & PHILLIPS LLP

12

13                                     _____
                                       JOHN E. LATTIN, IV
14                                     Attorneys for Defendants
                                       COMCAST BUSINESS COMMUNICATIONS,
15                                     INC., AT&T BROADBAND EXECUTIVE
                                       CHANGE IN CONTROL SEVERANCE PLAN,
16                                     and AT&T BROADBAND CHANGE IN
                                       CONTROL SEVERANCE PLAN
17

18

19

20

21

22

23

24

25

26

27

28

7
STIPULATED PROTECTIVE ORDER
Irvine 398933.1

PURSUANT TO STIPULATION, IT IS SO ORDERED, provided that no document or portion thereof submitted for filing will be filed under seal absent a separate request, made upon an individualized showing of good cause in accordance with Civil Local Rule 79-5, and a separate order providing for the sealing of such document(s).

**IT IS SO ORDERED.**

Dated:   **FEB X 6 2006**

MAXINE M. CHESNEY
United States District Judge

*United States District Court*

For the Northern District of California

1

2

**EXHIBIT "1"**
**ACKNOWLEDGMENT OF PROTECTIVE ORDER**
**AND AGREEMENT TO BE BOUND**

3    I, _____, do solemnly swear

4  and affirm that I have been provided with a copy, and am fully

5  familiar with the terms, of the Stipulated Protective Order in

6  *"Michael J. Brinskele v. Comcast Business Communications, Inc.*

7  *and AT&T Broadband Exclusive Change In Control Severance Plan,"*

8  Case No. CV 05-01678 MMC, and *"Fontes v. Comcast Business*

9  *Communications, Inc. and AT&T Broadband Change In Control*

10  *Severance Plan,"* Case No. C 05-01679 MMC, filed in the United

11  States District Court, Northern District of California, and

12  hereby agree to comply with and be bound by the terms and

13  conditions of that Order unless and until modified by the

14  further Order of this Court.  I consent to the jurisdiction of

15  said Court and purposes of enforcing this Order.

16

17  DATED this _____ day of _____, 2006

18

19                                         _____

20

21

22

23

24

25

26

27

28

9
STIPULATED PROTECTIVE ORDER

Irvine 398933.1

1

2

PROOF OF SERVICE

(CCP § 1013(a) and 2015.5)

3    I, the undersigned, am employed in the County of
Orange, State of California. I am over the age of 18 and
not a party to the within action; am employed with Fisher
4  & Phillips LLP my business address is 18400 Von Karman
Avenue, Suite 400, Irvine, California 92612.

5

6    On **February 1, 2006**, I served the foregoing document
entitled STIPULATED PROTECTIVE ORDER, on all the appearing
and/or interested parties in this action by placing ☐ *the*
7  *original* ☒ *a true copy* thereof enclosed in sealed
envelope(s) addressed as follows:

8

| | |
|---|---|
| Douglas G. Murken, Esq.<br>SEIFER, MURKEN, DESPINA & JAMES<br>2135 Lombard Street<br>San Francisco, CA 94123<br>(415) 749-5900<br>(415) 749-0344 Fax | Attorney for Plaintiff<br>MICHAEL J. BRINSKELE |

9

10

11

12

13  ☒    **[by MAIL]** I am readily familiar with the firm's
practice of collection and processing correspondence
14   for mailing. Under that practice it would be
deposited with the U.S. Postal Service on that same
15   day with postage thereon fully prepaid at Irvine,
California in the ordinary course of business. I am
16   aware that on motion of the party served, service is
presumed invalid if postage cancellation date or
17   postage meter date is more than one day after date of
deposit for mailing this affidavit.
18

19  ☐    **[by PERSONAL SERVICE]** I delivered by hand such
envelope(s) to the office of the addressee(s).
20

21  ☒    **FEDERAL** - I declare that I am employed in the
office of a member of the bar of this Court at whose
22   direction the service was made.

23    Executed on **February 1, 2006,** at Irvine, California.

24  MARILYN ROCHE                    By _____
    _____                              Signature
25       Print Name

26

27

28

10

STIPULATED PROTECTIVE ORDER

Irvine 398933.1